NUMBER 13-04-446-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

SONNY KING,                                                         Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 377th District Court

                           of Victoria County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Sonny
King, was charged with aggravated robbery. 
See Tex. Pen. Code Ann. ' 29.03 (Vernon 2003).  A jury found appellant guilty, and the trial
court assessed punishment at confinement for forty years in the Texas
Department of Criminal JusticeBInstitutional Division (TDCJ) and a fine of $10,000.  The trial court has certified that this case
"is not a plea bargain case, and the defendant has the right of
appeal."  See Tex. R. App. P. 25.2(a)(2).  By seven issues, appellant contends the
evidence was insufficient to support his conviction, the indictment was
defective, the trial court erred in failing to submit to the jury the lesser
included offense of robbery, the trial court abused its discretion in failing
to exclude the testimony of Officer Michael Beyer during the punishment phase,
the trial court erred in sentencing appellant to forty years confinement, and
the trial court erred in refusing to grant a new trial based on jury
misconduct.  We affirm.

I.  Background

All issues of law
presented by this case are well settled, and the parties are familiar with the
facts.  Therefore, we will not recite the
law or the facts except as necessary to advise the parties of the Court's decision
and the basic reasons for it.  See id.
at rule 47.4.

II.  Sufficiency of the Evidence

A.  Standard of Review








In a legal sufficiency review, we consider all of the properly or
improperly admitted evidence in the light most favorable to the verdict and
determine whether, based on that evidence and reasonable inferences therefrom,
a rational jury could have found the accused guilty of the essential elements
of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003)
(en banc); Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App.
2001).  We measure the legal sufficiency
of the evidence by the elements of the offense as defined by a hypothetically
correct jury charge.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

Evidence is factually insufficient only when the evidence as to an
element is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (en banc).  To review
the factual sufficiency of the evidence, the appellate court must view the
evidence in a neutral light.  Id.  "The jury is the exclusive judge of the
credibility of witnesses and of the weight to be given testimony, and it is
also the exclusive province of the jury to reconcile conflicts in the
evidence."  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (citing Jones v. State,
944 S.W.2d 642, 647 (Tex. Crim. App. 1996)); see Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979).  We
also apply a hypothetically correct jury charge analytical construct in the
context of a factual-sufficiency review. 
Adi
v. State,
94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002,
pet. ref'd).

B.  Deadly Weapon








By his third
issue, appellant contends there is no evidence or insufficient evidence to
establish that he used or exhibited a deadly weapon.  See Tex.
Pen. Code Ann. ' 29.03(a)(2) (Vernon 2003).  Appellant claims that the State did not meet
its burden of proving that the sharp object was, in the manner of use or
intended use, capable of causing death or serious bodily injury.

Section 29.03 of
the Texas Penal Code provides in pertinent part as follows:

(a) A person commits [aggravated robbery] if he
commits robbery as defined in Section 29.02, and he:

 

(1) causes serious bodily injury to another; [or]

 

(2) uses or exhibits a deadly weapon . . . .

 

(b) An offense under this section is a felony of the
first degree.

 

Id. ' 29.03(a), (b). 
Section 29.02 defines robbery as intentionally, knowingly, or recklessly
causing bodily injury to another in the course of committing theft and with
intent to obtain or maintain control of the property.  Id. ' 29.02(a)(1). 
The penal code defines a deadly weapon as "a firearm or anything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury," or as "anything that in the manner of its use
or intended use is capable of causing death or serious bodily
injury."  Id. ' 1.07(a)(17)(A), (B)
(Vernon Supp. 2004-05).  Where the victim suffers no wounds, the State
is required to prove (1) that the thing used as a weapon was capable of causing
death or serious bodily injury, and (2) the weapon was displayed or used in a
manner indicating an intent to cause death or serious bodily injury.  Johnson v. State, 919 S.W.2d 473, 477
(Tex. App.BFort Worth 1996, pet. ref'd).








Because criminal intent is an intangible, it can be
proved only by circumstantial evidence. 
Although a knife may not be a deadly weapon per se, a jury may consider
all of the facts of the case, and the State can prove, even without expert
testimony, that a particular knife is a deadly weapon by showing its size,
shape, sharpness, the manner of its use, and its capacity to produce death or
serious bodily injury.  An intent to
inflict serious bodily injury or death may be shown by evidence of assertive
conduct by an attacker.

 

Id.; see Rogers v. State, 877
S.W.2d 498, 500 (Tex. App.BFort Worth 1994, pet. ref'd) (setting out that proof
that a knife was used in manner intended to cause serious bodily injury can be
established by its size and shape, manner of use, and verbal statements
accompanying its use); see also McCain v. State, 22 S.W.3d 497, 502
(Tex. Crim. App. 2000) (explaining utility knives do not qualify as deadly
weapons because they are manifestly designed for other purposes).

Here, there is
evidence that Juan Arrieta, the victim, was approaching his truck when he saw
somebody inside the truck on the driver's side. 
Arrieta yelled, "[G]et out, get out of my car."  The person in the truck, later identified as
appellant, got out of the truck and came at Arrieta while displaying a sharp
object.  He threatened Arrieta and
demanded money.  Arrieta described the
sharp object as having a wooden handle with a metal shank four to five inches
long.  He was not sure if it was a
knife.  Arrieta testified that he was
scared.  He "felt . . . threatened
and [that his] life was in danger." 
When Arrieta told appellant he did not have any money, appellant took
him to Arrieta's apartment.  While they
were in the apartment, appellant had the sharp object in his pants.  Appellant took $15.00 and a video game system
from the apartment.  Arrieta testified
that appellant struck him on the left side of his face with his fist.








Christopher
Canales, a senior patrol officer with the Victoria Police Department,
investigated the incident.  He talked to
Arrieta, took pictures and fingerprints, and observed the damage to the
vehicle.  Officer Canales testified that
Arrieta told him that he confronted the person who was inside his vehicle and
when the person exited the vehicle, he came around and displayed a weapon that
Arrieta described as "a sharp, pointed object . . . possibly an ice
pick."  Arrieta told Officer Canales
that appellant used the weapon in a threatening manner and told Arrieta to give
him his money.

Appellant denied
burglarizing Arrieta's vehicle and testified that Arrieta had loaned him the
vehicle on previous occasions.  He
claimed Arrieta was lying when he picked him out of the lineup and that he was
being framed.  Appellant denied being at
the apartments on the day of the incident or causing any damage to the vehicle.








Considering all of the evidence in the record in the light most
favorable to the verdict, we conclude a rational jury could have found the
accused guilty of the essential elements of the offense beyond a reasonable
doubt.  See Jackson, 443 U.S. at
319; Swearingen, 101 S.W.3d at 97.  Based on the evidence, a rational jury could
have found that the testimony of appellant's assertive conduct with the sharp
object, i.e., coming at Arrieta with the sharp object and threatening him with
the object and demanding money, proved beyond a reasonable doubt the appellant
used a sharp object against Arrieta in a manner indicating he intended to cause
serious bodily injury to Arrieta.  See
Johnson, 919 S.W.2d at 477; see also Tex. Pen. Code Ann. ' 29.03(a)(2) (Vernon 2003).  Thus, we conclude the evidence is legally
sufficient to establish that the pointed object was a deadly weapon under the
circumstances.  See McCain, 22
S.W.3d at 503.

Moreover,
reviewing the evidence in a neutral light, Johnson, 23 S.W.3d at 11, and not substituting
our own judgment because the jury is the exclusive judge of the credibility of
witnesses and of the weight to be given testimony, Wesbrook, 29 S.W.3d
at 111, we conclude that, although
appellant denied burglarizing Arrieta's vehicle, the evidence is not so obviously weak
as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is not greatly outweighed by contrary
proof.  See Johnson, 23 S.W.3d at
11.  Thus, we conclude the evidence is factually sufficient to establish
that the object appellant used was a deadly weapon.

Because we
conclude the evidence is sufficient to support a finding that appellant used or
exhibited a deadly weapon, we overrule appellant's third issue.

C.  Serious Bodily Injury








By his first issue, appellant also contends the evidence is
insufficient to support a finding that appellant caused serious bodily
injury.  See Tex. Pen. Code Ann. ' 29.03(a)(1) (Vernon 2003).  However, we have concluded the evidence is
sufficient to support appellant's conviction under section 29.03(2) of the
penal code.  See id. ' 29.03(a)(2).  Because this is dispositive of appellant's
evidentiary contentions regarding his conviction, we need not address
appellant's first issue.  See Tex. R. App. P. 47.1.

III.  Indictment

In issue two, appellant contends the indictment was defective because
the State failed to allege that the sharp object was capable of causing death
or serious bodily injury.  Appellant argues that the indictment's allegation
that "the defendant did then and there use or exhibit a deadly weapon,
to-wit:  a sharp object" is
insufficient to charge the use or exhibition of a knife or sharp object capable
of causing death or serious bodily injury because knives and sharp objects are
not deadly weapons per se.  See McCain,
22 S.W.3d at 502; Jackson v. State, 913 S.W.2d 695, 697 (Tex. App.BTexarkana 1995, no writ).  Appellant asserts that the State was required
to prove, when charging appellant with aggravated robbery, that the knife was,
in manner of use or intended use, capable of causing death or serious bodily
injury.








Article 1.14(b)
of the Texas Code of Criminal Procedure provides if a defendant does not make a
pretrial objection to a defect, error, or irregularity of form or substance in
an indictment, he waives his right to object and may not raise the objection on
appeal.  Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005).  However, failure to object does not waive his
right to challenge a fundamentally defective indictment.  See Ex parte Patterson, 969 S.W.2d 16,
19 (Tex. Crim. App. 1998).  In this case,
appellant did not file a motion to quash or make any other pretrial objection
to the indictment.  As a result, we need
only consider whether the indictment was fundamentally defective.  See id.

An indictment is
sufficient to charge an offense if it accuses a person of a crime with enough
clarity and specificity to identify the penal statute under which the State
intends to prosecute, even if the instrument is otherwise defective.  Duron v. State, 956 S.W.2d 547, 550‑51
(Tex. Crim. App. 1997) (en banc).  As
long as an indictment meets this requirement, it is not fundamentally
defective, even if it is substantively defective in failing to allege an
element of an offense.  See id.; Cook
v. State, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995) (en banc).

In this case, the amended indictment charged appellant with the
following:

. . . that SONNY KING,
. . . on or about the 3rd day of July A.D., 2003, . . .
did then and there, while in the course of committing theft of property and
with intent to obtain or maintain control of said property, intentionally,
knowingly, or recklessly cause bodily injury to JUAN ARRIETA by striking said
JUAN ARRIETA with defendant's hand, and the defendant did then and there use or
exhibit a deadly weapon, to-wit:  a sharp
object. . . .  (Emphasis in original.)

 

The
indictment referenced "a deadly weapon, to-wit:  a sharp object."  The jury's verdict states, "guilty of
the offense of AGGRAVATED ROBBERY as alleged in the indictment."








We conclude the indictment here clearly alleged the offense of
aggravated robbery, which the State intended to prosecute.  See Duron, 956 S.W.2d at 550‑51.  Although it did not allege that the sharp object was, in manner of use or
intended use, capable of causing death or serious bodily injury, it did allege
that appellant used or exhibited a deadly weapon, to-wit:  a sharp object.  The allegation that appellant used a deadly
weapon constitutes an allegation that the named weapon or instrument was, in
the manner of its use or intended use, capable of causing serious injury or
death.  See Tex. Pen. Code Ann. ' 1.07(a)(17)(A), (B)
(Vernon Supp. 2004-05) (providing that
deadly weapon means anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury); see also Johnson v. State, 815 S.W.2d 707, 709 (Tex. Crim. App. 1991) (en banc) (concluding
allegation in indictment charging appellant with "causing death by
striking with [his] feet and hands" clearly gave notice that State would
attempt to prove "feet and hands" were used as deadly weapons).  We conclude, therefore, the indictment was not
fundamentally defective.  Appellant's
second issue is overruled.

IV.  Lesser Included Offense

In issue four, appellant contends the trial court erred in failing to
submit the lesser included offense of robbery to the jury.  However, "if a defendant either presents
evidence that he committed no offense or presents no evidence, and there is no
evidence otherwise showing he is guilty only of a lesser included offense, then
a charge on a lesser included offense is not required."  Bignall v. State, 887 S.W.2d 21, 24 (Tex.
Crim. App. 1994) (citing Aguilar v. State, 682 S.W.2d 556, 558 (Tex.
Crim. App. 1985) (en banc)).








In this case, although appellant testified that he was not at
Arrieta's apartment on the date in question, the evidence before the jury for
its consideration was that appellant exhibited a sharp object used to threaten
Arrieta.  See id.  There is no evidence that the sharp object
did not exist.  See id.  Thus, looking at all of the evidence
presented at trial, see Jones v. State, 833 S.W.2d 118, 127 (Tex. Crim.
App. 1992) (en banc) (providing that an appellate court determines whether the
trial court erred in refusing to charge jury on lesser included offense by
looking at all evidence presented at trial), we conclude the trial court did
not err in refusing to instruct the jury as to a lessor included offense.  See Bignall, 887 S.W.2d at 24.  We overrule appellant's fourth issue.

V.  Admission of Testimony of
Witnesses Under the Rule

In issue five, appellant contends the trial court abused its discretion
when it allowed Officer Beyer to testify during the punishment phase when the
Rule had been invoked and Officer Beyer admitted discussing matters pertaining
to the case with Officer Pat Breedlove.








When a party invokes the Rule, the trial court orders witnesses to
remain outside the courtroom.  See
Routier v. State, 112 S.W.3d 554, 590 (Tex. Crim. App. 2003); see also Tex. R. Evid. 614.  "The Rule is designed to prevent
witnesses from altering their testimony, consciously or not, based on other
witnesses' testimony."  See id.
(citing Webb v. State, 766 S.W.2d 236, 239 (Tex. Crim. App. 1989)).  When a party complains of the admission of
evidence in violation of the Rule, we look at whether the complaining party
objected and was harmed.  Id.
(citing Webb, 766 S.W.2d at 240). 
Injury or prejudice is dependent on showing either that the witness
actually conferred with or heard the testimony of the other witness and the
witness's testimony contradicted the testimony of a witness from the opposing
side or corroborated testimony of another witness with whom he had conferred.  See Webb, 766 S.W.2d at 240.

Appellant argues that he was harmed because the State needed Officer
Beyer's testimony to establish that appellant was driving a stolen vehicle at
or shortly prior to his arrest.  He
asserts this testimony would have corroborated Officer Breedlove's
testimony.  During the punishment phase
of the trial, Officer Beyer testified that appellant had been pursued by
Officer Breedlove because the officer believed he was driving a stolen
pickup.  The pursuit, however, was broken
off because of reckless driving and because the officer was concerned that
someone might be killed in a car crash. 
Officer Beyer also testified that he was able to identify appellant as
the operator of the same vehicle that had fled the scene and that had later
wrecked.  When questioned regarding the
Rule, Officer Beyer testified that he and Officer Breedlove had spoken earlier.  At that time Officer Beyer mentioned to
Officer Breedlove that "[he] got a witness and had the witness sit in the
car with [him] and [they] spoke about who the witness identified."[1]  Neither officer provided testimony about the
referenced witness.

Based on the above testimony, we cannot conclude that Officer Beyer
conferred with Officer Breedlove and then corroborated his testimony.  See Webb, 766 S.W.2d at 240.  The information exchanged was not a part of
either officer's testimony.  We cannot
conclude that Officer Beyer's testimony injured or prejudiced appellant.  See 








id.  The trial court did not abuse its discretion
when it allowed Officer Beyer to testify during the punishment phase.  See Green v. State, 934 S.W.2d
92, 101‑02 (Tex. Crim. App. 1996) (setting out that an appellate court's
standard of review on admission of evidence is whether the trial court abused
its discretion).  Appellant's fifth issue
is overruled.

VI.  Sentencing

In his sixth issue, appellant contends the trial court erred when it
sentenced him to forty years confinement in the TDCJ.[2]  Appellant asserts his sentence amounts to
cruel and unusual punishment.

We first note that appellant did not object to his sentence on
constitutional grounds, either at the time of sentencing or in any post-trial
motion, and even constitutional claims can be waived by failure to object.  Smith v. State, 721 S.W.2d 844, 855
(Tex. Crim. App. 1986); Quintana v. State, 777 S.W.2d 474, 479 (Tex.
App.BCorpus Christi 1989,
pet. ref'd) (failure to object to sentence as cruel and unusual waives
error).  Therefore, by failing to object
to the trial court's sentence below, appellant has waived this issue on
appeal.  See Tex. R. App. P. 33.1(a) (providing that
to preserve error for appellate review, party must present timely objection to
trial court, state specific grounds for objection, and obtain ruling).








Moreover, Texas courts have held that if the punishment is within the
range provided by law, it is not cruel and unusual within the constitutional
prohibition.  See Jackson v. State,
680 S.W.2d 809, 810 (Tex. Crim. App. 1984) (en banc); Swinney v. State,
828 S.W.2d 254, 259 (Tex. App.BHouston [1st Dist.]
1992, no pet.).  It is within the
discretion of the trial court to set the punishment, and, generally, the
court's assessment of punishment will not be disturbed on appeal.  See Jackson, 680 S.W.2d at 810; Swinney,
828 S.W.2d at 259.  The range of
punishment for "aggravated robbery," a first-degree felony, is life
or a term of five to ninety-nine years incarceration and a fine not to exceed
$10,000.  See Tex. Pen. Code Ann. ' 12.32 (Vernon Supp.
2004-05).  Appellant contends that
because he should have been found guilty of only robbery, he should have
received a maximum of twenty years for this offense.  See id. ' 12.33 (setting out
maximum punishment for robbery, a second degree felony, as two to twenty years
incarceration).  However, we have
determined the record supports appellant's conviction for aggravated robbery;
therefore, a sentence of forty years is within the range provided by law, and
the trial court had discretion to set punishment within the limits prescribed
by law.  See Jackson, 680 S.W.2d
at 810; Swinney, 838 S.W.2d at 259.








Moreover, during the punishment phase of the trial, the evidence
established that appellant perpetrated a second offense against Arrieta
approximately three weeks after the aggravated robbery.  There was also evidence that appellant robbed
a man at gunpoint, burglarized another vehicle, and stole a vehicle.  Appellant was later seen operating the stolen
vehicle in an erratic manner, fleeing apprehension in the vehicle, and
eventually wrecking the vehicle. 
Appellant later pleaded to the felony offense of evading arrest.  See Tex.
Pen. Code Ann. ' 38.04 (Vernon 2003).

Appellant also relies on Solem v. Helm, 463 U.S. 277, 289
(1983), for the proposition that while a sentence may well be within the range
permitted by statute, it may nonetheless run afoul of the Eighth Amendment
prohibition against cruel and unusual punishment.  See id. (setting out proportionality
test to use in determining  whether
sentence that is within range permitted by statute nevertheless violates Eight
Amendment's prohibition of cruel and unusual punishments).  However, the viability and mode of
application of proportionate analysis in non-death penalty cases is currently
in question.  See McGruder v. Puckett,
954 F.2d 313, 315-16 (5th Cir. 1992) (discussing various opinions issued in Harmelin
v. Michigan, 501 U.S. 957 (1991) and their impact on Solem).  Even assuming, however, proportionality
review is viable and that appellant preserved error, forty years incarceration,
which falls in the middle of the spectrum of appropriate sentences, is not
grossly disproportionate to the offense he committed when viewed in light of
appellant's prior history and is therefore not unconstitutional.  We overrule appellant's sixth issue.

VII.  Motion for New Trial








Finally, by his seventh issue, appellant complains that the trial court
erred and abused its discretion when it refused to grant a new trial based on
jury misconduct.  See Tex. R. App. P. 21.3(g) (providing
"when the jury has engaged in such misconduct that the defendant did not
receive a fair and impartial trial" the defendant must be granted a new
trial).  We review a trial court's denial
of a motion for new trial under the abuse of discretion standard and "do
not substitute our judgment for that of the trial court, but rather decide
whether the trial court's decision was arbitrary or unreasonable."  Charles v. State, 146 S.W.3d 204, 208
(Tex. Crim. App. 2004).

The jury foreman's affidavit, filed in support of appellant's motion
for new trial, set out that the jurors only found appellant guilty based on
their belief that he would get a light sentence.  It provided that the jurors would have found
appellant not guilty had they known he would receive a forty year
sentence.  The supporting affidavit further
explained that during the guilt phase of the trial the jurors expressed a
concern about appellant's punishment. 
However, the trial court properly informed them that this was not an
issue for their consideration.  The
jurors resolved their differences and found appellant guilty beyond a
reasonable doubt.  According to the affidavit,
after determining appellant was guilty, "some of the jurors . . . spoke to
the prosecutors and were relieved to find out [appellant] had other criminal
charges pending against him . . . and [their] guilty verdict was the correct
decision."

Based on our review of the affidavit, we cannot find any reason for
granting a new trial.  The trial court's
decision was not arbitrary or unreasonable because the jury foreman's affidavit
did not set forth a ground that establishes the jury engaged in misconduct that
resulted in appellant not receiving a fair and impartial trial.  See Tex.
R. App. P. 21.3(g); Charles, 146 S.W.3d at 208.  Therefore, the trial court did not abuse its
discretion in denying appellant a new trial. 
See Charles, 146 S.W.3d at 208. 
We overrule appellant's seventh issue.

 








VIII.  Conclusion

Accordingly, we affirm the judgment of the trial court.                                                                                     

NELDA
V. RODRIGUEZ

Justice

 

Do
not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 6th day of
October, 2005.

 











[1]Officer Breedlove later testified
that "[Officer Beyer] said something about the pursuit and I made some
comment about the pursuit, him being there or whatever.  That's when he went back over his
report."





[2]Appellant also contends that the
trial court's imposition of a $10,000 fine amounted to cruel and unusual
punishment.  However, appellant does not
develop this contention in his brief, and therefore waives it.  See Tex.
R. App. P. 33.1(h) (providing brief must contain clear and concise
argument for contentions made, with appropriate citations to authorities and to
record).